UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REBECCA DILORENZO,

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,

    Defendant.

CASE NO. C06-0727C

ORDER

This matter has come before the Court on Defendant's motion to dismiss Plaintiff's claim for negligent infliction of emotional distress. (Dkt. No. 11.) Having carefully considered the papers filed by the parties, the Court has determined that no oral argument shall be necessary. For the reasons that follow, the Court hereby GRANTS the motion.

Defendant brings its motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which permits a court to dismiss a cause of action if it fails to state a claim upon which relief may be granted. Under Rule 12(b)(6), a court will grant dismissal only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). While a court must accept all material allegations in the

ORDER – 1

1  complaint as true and construe them in the light most favorable to the nonmoving party, conclusory
2  allegations of law or unwarranted inferences of fact urged by the nonmoving party are insufficient to
3  defeat a motion to dismiss. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). In addition, a court's
4  obligation to construe allegations in the light most favorable to the nonmoving party does not mean
5  that those allegations must be construed in a light favorable to the nonmoving party, if such a
6  construction cannot reasonably be made.

7  In the present case, Plaintiff alleges as follows:
8  (1)  She suffers from psychological and physical disabilities (Compl. ¶ 2.1);
9  (2)  "She uses a service animal to assist her in resisting and responding to the difficulties
10       raised by her conditions," (Compl. ¶ 2.2);
11 (3)  On or about April 30, 2004, she informed Defendant that she would be using a
12       service animal on future visits to the Bellingham, WA, warehouse (Compl. ¶ 2.16);
13 (4)  On or about July 3, 2004, when Plaintiff attempted to enter the Bellingham store
14       accompanied by her service animal (which was wearing a vest), despite Defendant's
15       written policies to the contrary, Defendant's employees subjected her to inquiries that
16       made her feel "harassed, humiliated, and intimidated," (Compl. ¶¶ 2.20, 2.21, 2.24).

17 Plaintiff contends that the above allegations are sufficient to state a cognizable claim against
18 Defendant for negligent infliction of emotional distress.

19 Washington courts first recognized the tort of negligent infliction of emotional distress
20 ("NIED") in *Hunsley v. Giard*, 553 P.2d 1096 (Wash. 1976). As in any other tort claim, a plaintiff
21 stating a claim for an alleged NIED must allege the existence of a duty, breach of that duty,
22 proximate cause between the breach and the alleged damage, and damage. *Id*. at 1102. In
23 delineating the parameters of the NIED tort, the *Hunsley* Court cautioned that "[n]ot every act
24 which causes harm results in legal liability." *Id*. "Our experience tells us that mental distress is a fact

ORDER – 2

of life." *Id*. at 1103.  The court explained that "the defendant's obligation to refrain from particular conduct is owed only to those who are foreseeably endangered by the conduct and only with respect to those risks or hazards whose likelihood made the conduct unreasonably dangerous." *Id*.

"Whether a particular class of defendants owes a duty to a particular class of plaintiffs is a question of law and depends on mixed considerations of 'logic, common sense, justice, policy, and precedent.'" *Keates v. Vancouver*, 869 P.2d 88, 92 (Wash. Ct. App. 1994) (quoting *Hartley v. State*, 698 P.2d 77 (1985)).  "In deciding whether a duty is owed the primary consideration is whether the conduct is unreasonably dangerous." *Id*. at 93 (citing *Corrigal v. Ball & Dodd Funeral Home, Inc.*, 577 P.2d 580 (Wash. 1978)).  "Unless the defendant's conduct is unreasonably dangerous, the defendant owes no duty." *Id*. (citing *Hunsley*, 553 P.2d at 1103).  "Conduct is unreasonably dangerous when the risks of harm outweigh the utility of the activity." *Id*.

Here, the conduct challenged by Plaintiff is Defendant's employees' persistence in questioning her about her service animal in a manner contrary to Defendant's stated policy.  This policy provides that a service animal will be admitted if it is "visually identifiable as a service animal by the presence of an apparel item, apparatus or other visual evidence that the animal is a service animal." (Compl. ¶ 2.13.2.)  According to Plaintiff's complaint, because her service animal was wearing a vest, she and her animal should have been admitted without further question.

The harm alleged by Plaintiff includes "emotional injury, disgrace, humiliation and other injury." (Compl. ¶ 2.32.)  In her response to Defendant's motion, Plaintiff argues that "it is unreasonably dangerous, when addressing an individual disabled by psychological disabilities who previously warned of them in her attempt to avoid interrogation and limelight, to publicly interrogate, challenge, harass, and demonstrate dissatisfaction with answers in frustration of *and after her* attempts to comply with defendant's expectations, policies, and procedures." (Pl.'s Opp'n 5.)  This allegation speaks to *Hunsley*'s requirement that the defendant's obligation to refrain from

ORDER – 3

particular conduct is owed only to those who are foreseeably endangered by the conduct.  If Plaintiff had indeed warned Defendant of her particular frailties and if these frailties were of a nature that would render Defendant's questioning of her "unreasonably dangerous," then Defendant could have had a duty to refrain from such questioning of Plaintiff.

However, because Plaintiff's complaint does not contain these or other allegations sufficient to allege a duty on Defendant's part, the Court finds that Plaintiff's complaint in its current state fails to state a claim for NIED.   Accordingly, the Court dismisses Plaintiff's claim for NIED without prejudice.

SO ORDERED this 9th[th] day of August, 2006.

*[signature: John C. Coughenour]*

UNITED STATES DISTRICT JUDGE